**NOT RECOMMENDED FOR PUBLICATION**
File Name: 07a0547n.06
Filed: August 7, 2007

**No. 06-5372**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| TONY BLAKELY, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE MIDDLE DISTRICT OF |
| CITY OF CLARKSVILLE, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before: SILER and COOK, Circuit Judges; REEVES, District Judge.[*]

**SILER**, Circuit Judge. The City of Clarksville ("City") appeals the district court's denial

of its Rule 50(b) motion following a jury verdict in favor of Tony Blakely, an African-American

officer of the Clarksville Police Department ("CPD"). The City argues that: (1) it is immune from

suit for claims of outrageous conduct and malicious harassment; (2) the district court erred by

admitting evidence of an Equal Employment Opportunity Commission ("EEOC") determination and

a prior trial verdict; and (3) the district court erred by admitting evidence of discrimination alleged

by current and former employees. Because the district court abused its discretion in admitting

evidence of a prior jury verdict, we **REVERSE** the denial of the City's Rule 50(b) motion for a new

trial with respect to Blakely's claims for discriminatory discipline, hostile work environment, and

---

[*]The Honorable Danny C. Reeves, United States District Judge for the Eastern District of
Kentucky, sitting by designation.

retaliation, and **REMAND** for a new trial. We **DISMISS** Blakely's claims for outrageous conduct

and malicious harassment because the City is entitled to immunity.

## I. BACKGROUND

Blakely began working for the CPD in 1990. He was promoted to detective in 1996 and

successfully passed the sergeant exam in 2000. The CPD promoted three white officers to sergeant

following this test, but not Blakely. In 2001, he filed a charge of discrimination with the EEOC,

alleging retaliation and hostile work environment. Blakely claimed he was called a "nigger" by his

supervisor, had a noose placed near his work station, and was suspended, because of his race and

because he testified in an internal affairs investigation. The EEOC issued a determination,

concluding that there was no evidence to support a claim for retaliation, but that there was evidence

to support the existence of a hostile work environment.

In 2001, Blakely sued the City in federal district court, alleging failure to promote and

retaliation. He filed a second complaint in 2004, asserting claims for failure to promote, retaliation,

hostile work environment, intentional and/or negligent infliction of emotional distress, outrageous

conduct, and malicious harassment. The claims were based upon Title VII of the Civil Rights Act

of 1964, as amended, 42 U.S.C. § 2000e *et seq*., and the Tennessee Human Rights Act, TCA § 4-21-

101 *et seq*., and supplemental jurisdiction of state claims.

The jury found in favor of Blakely on his claims of hostile work environment, retaliation,

racial discrimination in administering the City's disciplinary policy, outrageous conduct, and

malicious harassment, and awarded him $325,000 compensatory damages total, or $65,000 per

claim. Blakely's claim of racial discrimination in the promotion process was dismissed with prejudice.

## II. ANALYSIS

### A. Outrageous Conduct and Malicious Harassment Claims

The City first argues that it is immune from Blakely's claims for outrageous conduct and malicious harassment. We agree with the City and dismiss these claims because the City is immune from suit based on Tennessee's Governmental Tort Liability Act ("GTLA"), TCA § 29-20-101 *et seq*. Even though the City raised the issue of governmental immunity for the first time on appeal, immunity based on the GTLA is a jurisdictional bar that may be raised at any time. *City of Lavergne v. So. Silver, Inc.*, 872 S.W.2d 687, 690 (Tenn. Ct. App. 1993) (holding that the Tennessee legislature intended the GTLA to deny courts jurisdiction over suits against an immune governmental entity).

### B. Admission of EEOC Determination and Prior Verdict

#### 1. EEOC Determination

The City next asserts that the district court erred by permitting Blakely to introduce the EEOC determination. A trial court has the discretion to allow an EEOC determination into evidence, even though these determinations are not *per se* admissible in all civil rights suits. *Heard v. Mueller Co.*, 464 F.2d 190, 194 (6th Cir. 1972). In this case, the district court did not abuse its discretion by permitting this evidence. While "[a] strong argument can be made that a jury would attach undue influence to this type of agency determination, viewing it as a finding of discrimination . . . rather than as a mere finding of probable cause," *Williams v. Nashville Network*, 132 F.3d 1123, 1129 (6th

Cir. 1997), the district court minimized any potential undue influence by specifically instructing the jury that it was free to disregard any conclusions contained in the report because the EEOC may not have had the same evidence as the jury had.

## 2. Prior Verdict

The City's next argument is that the district court abused its discretion by permitting Detective Kenneth Austion, an African-American CPD employee, to testify about a verdict in his similar racial discrimination suit against the City. Evidence is properly excluded when it poses a "likelihood of misleading the jury and confusing the issue." *Olin-Mathieson Chem. Corp. v. Allis-Chalmers Mfg. Co.*, 438 F.2d 833, 837-38 (6th Cir. 1971). Evidence of a prior verdict is likely to mislead the jury because "[a] jury is likely to give a prior verdict against the same defendant more weight than it warrants. Admission of a prior verdict creates the possibility that the jury will defer to the earlier result and thus will, effectively, decide a case on evidence not before it." *Coleman Motor Co. v. Chrysler Corp.*, 525 F.2d 1338, 1351 (3d Cir. 1975). In essence, the jury may "import the whole verdict . . . from the prior proceeding." *Engquist v. Or. Dep't of Agric.*, 478 F.3d 985, 1010 (9th Cir. 2007).

While Detective Austion's history of similar treatment and experiences may have had some probative value, *see Robinson v. Runyon*, 148 F.3d 507, 512-13 (6th Cir. 1998), testimony regarding a jury verdict in his favor did not "possess such additional probative value . . . to overcome the risk of prejudice and confusion that the verdict posed." *Engquist*, 478 F.3d at 1010. Had Austion testified only to the similar treatment he endured, there would have been little potential for prejudice and confusion. However, when he testified that he obtained a favorable verdict in his trial, there was

a substantial risk that the jury would import the whole verdict from the Austion case, especially since his case involved identical claims. Moreover, just after this case was argued on appeal, the Austion case was decided by this court, partially affirming the jury verdict and partially reversing the judgment, in particular, with regard to his demotion and failure-to-promote claims. *Austion v. City of Clarksville*, No. 05-6626, ___ F. App'x ___ (6th Cir. July 31, 2007). Although the district court gave the jury a limiting instruction, it did not cure any resulting prejudice. The admission of this evidence was an abuse of discretion.

### C. Admission of Previous Racial Conduct

Finally, the City argues that the district court should have excluded evidence of racial comments directed at other City employees. The district court did not abuse its discretion in admitting this evidence because it was relevant to Blakely's claim of a hostile work environment. Although these incidents were not aimed at Blakely, "an employer may create a hostile environment for an employee even where it directs its discriminatory acts or practices at the protected group of which the plaintiff is a member, and not just the plaintiff herself." *Jackson v. Quantex Corp.*, 191 F.3d 647, 661 (6th Cir. 1999) (citing *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 87 (1986)). Further, "[c]omments that single out a member of a protected class are relevant not only as to whether a particular work environment was objectively hostile to members of the protected class, but also as to whether an employee belonging to the protected class subjectively felt harassed." *Jackson*, 191 F.3d at 661.

### III. CONCLUSION

No. 06-5372
Blakely v. City of Clarksville

For the foregoing reasons, we **REVERSE** the denial of the City's Rule 50(b) motion with respect to Blakely's claims for discriminatory discipline, hostile work environment, and retaliation, and **REMAND** for a new trial. We **DISMISS** Blakely's claims for outrageous conduct and malicious harassment.